UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BARRY RUSSELL, as Chairman of the Board of
Trustees of the Teamsters Local 445 Construction
Division Health and Welfare Fund, Local 445
Construction Division Pension Fund, and Local 445
Construction Annuity Fund,

                                Plaintiffs,                              **COMPLAINT**

                                -against-

SPEYSIDE HOLDINGS, LLC

                                Defendant.
------------------------------------------------------------------------X

      Plaintiff, by his attorneys, Lewis, Clifton & Nikolaidis, P.C., complaining of the defendant, alleges as follows:

## NATURE OF ACTION

      1.    Plaintiff, as the Chairman of the Board of Trustees of three employee benefit plans, brings this action to enforce the provisions of the plans and to collect contributions due and owing to the plans from the defendant, Speyside Holdings, LLC ("Speyside"). This action is brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145.

## JURISDICTION AND VENUE

      2.    The court has subject matter jurisdiction over this action pursuant to ERISA, Sections 502(a), (e)(1) and (f), 29 U.S.C. §§ 1132(a), (e)(1) and (f). Venue in the Southern District of New York is proper under ERISA, Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the plaintiff employee benefit plans are located in Orange County, within the Southern District of New York.

## PARTIES

3. The plaintiff, Barry Russell, is Chairman of the Board of Trustees of the Teamsters Local 445 Construction Division Health and Welfare Fund (the "Welfare Fund"), Local 445 Construction Division Pension Fund (the "Pension Fund"), and Local 445 Construction Annuity Fund (the "Annuity Fund"), (collectively, the "Funds"), all of which are "employee benefit plans" within the meaning of ERISA, Section 3(3), 29 U.S.C. § 1002(3). Each of the Funds maintains its principal place of business at 15 Stone Castle Road, Rock Tavern, New York 12575.

4. Each of the Funds is a "multi-employer plan" within the meaning of ERISA, Section 3(37), 29 U.S.C. § 1002(37).

5. As a Trustee, Russell is a "fiduciary" of the plans within the meaning of ERISA, Section 3(21), 29 U.S.C. § 1002(21), and is authorized to bring this action under ERISA, Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

6. Upon information and belief, Speyside is a corporation incorporated in the State of New York, and has its principal place of business at 9112 Route 32, Highland Mills, New York 10930. Defendant is an "employer" within the meaning of ERISA, Section 3(5), 29 U.S.C. § 1002(5).

## FACTS

7. At all times relevant hereto Speyside has been a party to, and bound by, a collective bargaining agreement ("CBA") with Local 445, International Brotherhood of Teamsters ("Local 445" or "the Union").

8. The CBA provides, inter alia, that Speyside agrees to be bound by the trust agreements establishing each of the Funds ("the Trust Agreements").

9. Pursuant to the terms of both the CBA and the Trust Agreements, defendant is obligated to make contributions to the Funds on behalf of its employees who are within the bargaining unit represented by Local 445. The specific amounts of the contributions required to be made to each of the Funds are set forth in the CBA.

10. Pursuant to the terms of the CBA, the Trust Agreements, and the Fund's Collections Policy, if contributions are not timely paid the employer is further liable for late charges of ten percent (10%), liquidated damages, and attorneys' fees and costs incurred in the collection of the contributions.

11. Despite the passage of dates on which Speyside was required to make contributions to the Funds, and despite repeated requests made by the Funds, defendant has failed to remit the full amount of contributions due to the Funds under the terms of the CBA.

12. On February 7, 2018, the Funds sent Speyside a letter demanding payment of delinquent contributions to the Welfare Fund, the Pension Fund, and the Annuity Fund, as well as 10% late charges on these delinquent contributions. Speyside failed to make sufficient payments in response to said demand.

13. On August 26, 2018, the Funds sent Speyside a letter demanding payment of delinquent contributions to the Welfare Fund, the Pension Fund, and the Annuity Fund, as well as 10% late charges on these delinquent contributions, and advising that if these amounts were not paid in full, counsel would advise the Funds to pursue legal remedies to collect the deficiency. Again, Speyside failed to make sufficient payments in response to said demand.

14. Fund records reflect that Speyside owes contributions to the Funds for the period of October 1, 2018 through June 8, 2019 as follows:

    (a) To the Welfare Fund in the amount of $25,499.29;

    (b)  To the Pension Fund in the amount of $36,868.10;

    (c)  To the Annuity Fund in the amount of $5,572.00;

  15. Fund records reflect that Speyside was assessed 10% late charges for the period of December 5, 2016 through June 6, 2019 as follows:

    (a)  To the Welfare Fund in the amount of $10,042.10;

    (b)  To the Pension Fund in the amount of $13,207.69;

    (c)  To the Annuity Fund in the amount of $2,103.57;

  16. Fund records reflect that the total amount of delinquent contributions and late charges that Speyside owes the Funds is $93,292.75.

  17. Speyside was advised by the Funds that it owed delinquent contributions s and late charges to the Funds, yet Speyside has failed to satisfy this delinquency or make arrangements for its payment.

## **FIRST CAUSE OF ACTION**

  18. Speyside's failure to pay the contributions and late charges it owes the Welfare Fund pursuant to the terms of the CBA constitutes a breach of both the CBA and the Trust Agreements, and a violation of ERISA Section 515, 29 U.S.C. § 1145.

  19. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 515, 29 U.S.C. § 1145, plaintiff is entitled to judgment for the unpaid contributions and late charges owed to the Welfare Fund.

  21. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 502(g)(2)(c)(ii), 29 U.S.C. § 1132(g)(2)(c)(ii), plaintiff is entitled to liquidated damages of 20% on all unpaid contributions owed to the Welfare Fund.

22. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), plaintiff is entitled to attorneys' fees and costs.

## SECOND CAUSE OF ACTION

23. Speyside's failure to pay the contributions and late charges it owes the Pension Fund pursuant to the terms of the CBA constitutes a breach of both the CBA and the Trust Agreements, and a violation of ERISA Section 515, 29 U.S.C. § 1145.

24. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 515, 29 U.S.C. § 1145, plaintiff is entitled to judgment for the unpaid contributions and late charges owed to the Pension Fund.

25. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 502(g)(2)(c)(ii), 29 U.S.C. § 1132(g)(2)(c)(ii), plaintiff is entitled to liquidated damages of 20% on all unpaid contributions owed to the Pension Fund.

26. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 502(g) (2) (D), 29 U.S.C. § 1132(g) (2) (D), plaintiff is entitled to attorneys' fees and costs.

## THIRD CAUSE OF ACTION

27. Speyside's failure to pay the contributions and late charges it owes the Annuity Fund pursuant to the terms of the CBA constitutes a breach of both the CBA and the Trust Agreements, and a violation of ERISA Section 515, 29 U.S.C. § 1145.

28. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 515, 29 U.S.C. § 1145, plaintiff is entitled to

judgment for the unpaid contributions and late charges owed to the Annuity Fund.

29. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 502(g)(2)(c)(ii), 29 U.S.C. § 1132(g)(2)(c)(ii), plaintiff is entitled to liquidated damages of 20% on all unpaid contributions owed to the Annuity Fund.

30. Under the terms of the CBA, the Trust Agreement, and the Funds' Collections Policy, and pursuant to ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), plaintiff is entitled to attorneys' fees and costs.

**WHEREFORE,** plaintiff demands judgment against the defendant, granting plaintiff:

a) $25,499.29 in delinquent contributions, $10,042.10 in late charges, and $5,099.86 in liquidated damages, for a total amount of $40,641.29, to be paid to the Welfare Fund;

b) $36,868.10 in delinquent contributions, $13,207.69 in late charges, and $7,373.62 in liquidated damages, for a total amount of $57,449.41, to be paid to the Pension Fund;

c) $5,572.00 in delinquent contributions, $2,103.57 in late charges, and $1,114.40 in liquidated damages, for a total amount of $8,789.97, to be paid to the Annuity Fund;

d) Attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(2)(D) and the terms of the plans; and

e) Such other and further relief as the court may deem just and proper.

Dated: June 24, 2019
      New York, New York

                      LEWIS, CLIFTON & NIKOLAIDIS, P.C.

               By:   /s/ Louie Nikolaidis
                      Louie Nikolaidis
                      350 W. 31st St., Suite 401
                      New York, New York 10001
                      (212) 419-1500
                      (212) 419-1510 (fax)
                      lnikolaidis@lcnlaw.com

                      *Attorneys for plaintiff Barry Russell, as Chairman of the Board of Trustees of the Teamsters Local 445 Construction Division Health and Welfare Fund, Local 445 Construction Division Pension Fund, and Local 445 Construction Annuity Fund*